# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-542V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran |
| ASHLEY AMERICA, | |
| Petitioner, | Filed: June 7, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.

*Amanda Pasciuto,* U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On April 17, 2017, Maria and Rui America, on behalf of their then-minor child, Ashley, filed a Petition under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that as a result of receiving the human papillomavirus ("HPV") and influenza ("flu") vaccines, Ashley developed neurocardiogenic syncope ("NCS"). Petition (ECF No. 1) at 1–2. Ms. America became the named petitioner after she turned 18 years old. ECF No. 8. She

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

subsequently restricted her claim to alleging only an off-Table significant aggravation claim of her preexisting NCS. ECF No. 55 at 13.

The claim was litigated over several years, and after reviewing the evidence I determined that the matter could be efficiently and fairly resolved by ruling on the record, inviting briefing on the claim from the parties. At the beginning of this year, I issued a decision denying entitlement to compensation. *See* Decision, dated January 4, 2022. ECF No. 61 (the "Decision"). Petitioner did not opt to appeal my determination.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 16, 2022 (ECF No. 65) ("Final Fees Mot."). Petitioner requests a total of $46,570.79—$12,464.40 to be awarded to the George Washington University Law School Vaccine Injury Litigation Clinic (the "GW Clinic"), $33,706.39 to The Law Firm of Renée J. Gentry, Esq., based on all work performed on the matter by Ms. Gentry, and several other attorneys, and $400.00 to Petitioner for filing fees—for all work performed on the matter since its inception. *Id*. at 2. The GW Clinic amount is split between fees incurred by admitted attorneys ($4,682.90) and fees based on work performed by law students ($7,781.50). Final Fees Mot. at 1. The sum requested by Ms. Gentry's firm includes $31,332.50 in fees and $2,373.89 in costs. *Id.* Respondent reacted to the final fees request on May 31, 2022. Response, dated May 31, 2022 (ECF No. 66) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for attorney's fees and defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$46,578.29**.

## ANALYSIS

**I.    Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find it possessed sufficient objective basis to justify a fees and costs award. Although Petitioner failed to preponderantly establish that she suffered from NCS after receiving the vaccine, her alleged diagnosis was supported by a credentialed expert, and her medical records confirm a history of syncopal episodes. Moreover, although Petitioner failed to demonstrate by a preponderance of the evidence HPV vaccine could aggravate NCS, the theory presented was not wholly lacking in some reliable support.[5]

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

[5] I do emphasize that my experience in resolving cases involving the HPV vaccine and comparable autonomic nervous system-associated injuries is leading me to the conclusion that cases based on the theory that the vaccine *can* produce such injuries are not likely to succeed. Accordingly, Program attorneys will in future cases need to take care in bringing such claims—since I may well inform counsel when these kinds of claims are interposed that the claim will lack reasonable basis *going forward*, meaning in turn that fees are at risk. Such considerations do not bear on my fee determination in this matter, however.

Considering the extremely lenient standard that governs reasonable basis determinations, I can easily find the claim possessed sufficient reasonable basis. And I find no reason otherwise to deny a fees award.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| **Attorney** | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| **Mr. Clifford J. Shoemaker** | $430.00 | $440.00 | $450.00 | $460.00 | - | - |
| **Ms. Renee J. Gentry** | - | - | - | $445.00 | $464.00 | $489.00 |
| **Ms. Sabrina S. Knickelbein** | - | $150.00 | $150.00 | $150.00 | - | - |
| **Student-Attorney** | - | - | - | $145.00 | $150.00 | $150.00 |

ECF No. 65-1 at 4–22, 25–28.

The two jurisdictions in question where attorney work was performed—Vienna, Virginia, and Washington, D.C.—have both been deemed "in forum." Accordingly, the various lawyers who worked on this matter should be paid rates established in *McCulloch. See Thompson v. Sec'y of*

*Health & Hum. Servs.*, No. 15-671V, 2022 WL 1075391, at *4 (Fed. Cl. Spec. Mstr. Feb. 22, 2022). The rates requested for Mr. Shoemaker's and Ms. Gentry's 2015 time are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[6] *Id.* at *2. Ms. Knickelbein also requested a rate of a paralegal in this matter, appropriate to the actions performed. As to the student-attorney rates, I recently awarded the requested sum. *A.Y. v. Sec'y of Health & Hum. Servs.*, No. 17-850V, 2021 WL 3660748, at *4 (Fed. Cl. Spec. Mstr. July 9, 2021).

In addition, I deem the time devoted to this matter to be reasonable—with only two minor adjustments due to billing errors associated with the rates requested for Mr. Shoemaker's time. First, for 0.5 hours billed on June 29, 2016 (ECF No. 65-1 at 4), counsel's invoice requests a billing rate of $460.00—instead of $430.00—leading to an overcharge of $15.00. However, on September 15, 2019, the billing rate of $445.00 was used instead of the $460.00 rate, resulting in a failure to request $22.50 in otherwise-owed fees, based upon 1.5 hours of work. *Id.* at 15. Reconciling the two adjustments results in an additional $7.50 awarded in fees. No other adjustments are needed.

### III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $2,773.89 in outstanding costs, including the filing fee, medical record retrieval costs and the work performed by a single expert, Svetlana Blitshteyn, M.D. ECF No. 65-1 at 29. Dr. Blitshteyn authored two expert reports (ECF Nos. 29, 36), and submitted an invoice for a total of $2,000.00 as a retainer fee. ECF No. 65 at 19. Although no rate is set for her time, I find that the sum billed for her time was reasonable. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction. And the costs specifically requested by Petitioner reflect the initial filing fee, and will be awarded in full as well.

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

# CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$46,578.29,** reflecting $12,464.40 to the GW Clinic, and $31,340.00 to The Law Firm of Renée J. Gentry, Esq. for attorney's fees, plus $2,373.89 in costs to The Law Firm of Renée J. Gentry, Esq., and a $400.00 filing fee to Petitioner.

This shall be payable by three checks: one in the amount of $12,464.40 made payable jointly to Petitioner and the GW Clinic; the second in the amount of $33,713.89 made payable jointly to Petitioner and her attorney, Ms. Renee Gentry; and the third in the amount of $400.00 made payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.